# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1453V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JAMIE YOUNG, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 23, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 9, 2021, Jamie Young filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleged that she suffered from transverse myelitis as a result of her June 18, 2018, receipt of the tetanus-diphtheria-acellular pertussis vaccine. Thereafter, the parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Sept. 5, 2023 (ECF No. 35).

Petitioner has now filed a motion for a final award of attorneys' fees and costs. Motion, dated Mar. 26, 2024 (ECF No. 39) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $34,537.27 (representing $33,194.80 in attorneys' fees, plus

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

$1,342.47 in costs) for the work of attorneys at Conway, Homer, P.C. Mot. at 2. The requested costs sum incorporates Petitioner's unreimbursed litigation costs incurred in this matter (which are specified below). *Id.* Respondent reacted to the fees request on March 26, 2024. *See* Response, dated Mar. 26, 2024 (ECF No. 41). Respondent is satisfied that the statutory requirements for an attorneys' fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion.

### I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the properly hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Christina Ciampolillo (Attorney)** | -- | -- | $380.00 | -- | -- | -- |
| **Meredith Daniels (Attorney)** | -- | -- | $350.00 | $410.00 | $455.00 | -- |
| **Lauren Faga (Attorney)** | -- | -- | -- | $385.00 | -- | -- |
| **Ronald Homer (Attorney)** | -- | -- | $447.00 | $475.00 | $500.00 | $500.00 |

2

| | | | | | | |
|---|---|---|---|---|---|---|
| **Patrick Kelly (Attorney)** | -- | -- | $225.00 | $250.00 | $305.00 | -- |
| **Joseph Pepper (Attorney)** | $325.00 | $355.00 | $355.00 | $415.00 | $455.00 | -- |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $185.00 |

Mot. at 4–25, 27.

The attorneys at Conway, Homer, P.C., practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested for time billed in 2019-23 have been allowed in other cases, and the rates requested for time billed in 2024 are also consistent with what has more recently been awarded, based on the attorneys' work and experience in the Program, and are otherwise in accordance with the Office of Special Masters' fee schedule.[3] *See Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104134, at *1 (Fed. Cl. Spec. Mstr. May 17, 2023); *M.R. v. Sec'y of Health & Hum. Servs.*, No. 16-1024V, 2024 WL 370041, at *3 (Fed. Cl. Spec. Msrt. Jan. 5, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter reasonable. I will therefore award all fees requested without adjustment.

## II.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See*, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,330.22 in outstanding litigation costs, including the filing fee, medical record retrieval costs, and mailing/photocopying costs. Petitioner also requests $12.25 in unreimbursed litigation mailing costs (an amount subsumed within the total costs figure of $1,342.47 figure mentioned above). Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 23, 2024).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award **$34,525.02** in attorneys' fees and costs, in the form of a check made jointly payable to Petitioner and her attorney, Mr. Ronald Homer. In addition, Petitioner shall receive **$12.25** in unreimbursed personal costs, in a form of a check made payable to her individually.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.